UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENISE ORTIZ, individually and as Mother and Natural Guardian of L.C., an infant,

    Plaintiffs,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees,

    Defendant.

**COMPLAINT**

Case No.: 5:11-CV-734
           (GLS/ATB)

---

Plaintiffs, DENISE ORTIZ, individually and as Mother and Natural Guardian of L.C., an infant, by their attorney, Bottar Leone, PLLC, complaining of the defendant, allege as follows:

**PARTIES**

1.    The plaintiffs are citizens of the State of New York and reside in the County of Onondaga at 628 Richmond Street, Syracuse, New York.

2.    The infant plaintiff is the biological daughter of Denise Ortiz.

3.    Upon information and belief, the SYRACUSE COMMUNITY HEALTH CENTER ("SCHC"), is a community health center with a principal place of business located at 819 South Salina Street, Syracuse, NY 13202.

4.    Upon information and belief, and at all times relevant to this complaint, the defendant, Kenroy Scott, M.D. ("Scott"), was and is a physician duly licensed to practice medicine in the State of New York, with a principal place of business located at 819 South Salina Street, Syracuse, NY 13202.

5.    Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. 233, the Secretary of the United States Department of Health and Human Services

deemed the SCHC eligible for medical malpractice coverage under the Federal Tort Claims Act.

6.     Upon information and belief, and at all times relevant, Scott was acting pursuant to and in furtherance of his duties as an officer, agent and/or employee of SCHC and/or the United States of America.

7.     Upon information and belief, the defendant, UNITED STATES OF AMERICA, is responsible for the acts of omission and/or commission of SCHC officers, agents and/or employees including, but not limited to, Scott.

## JURISDICTION

8.     This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

9.     The plaintiffs have complied with 28 U.S.C. §2675 by presenting an administrative claim to the United States Department of Health and Human Services on January 26, 2011.

10.    Plaintiffs' administrative claim was denied on June 15, 2011.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CLAIMS

11.    Denise Ortiz was admitted to Crouse Hospital at or about 6:10 a.m. on June 27, 2008.

12.    On June 29, 2008, at or about 9:40 a.m., Denise Ortiz was examined by Marwan Saleh, M.D. ("Saleh"), a medical resident, who noted that Denise Ortiz was 10 cm dilated, was uncomfortable, was feeling vaginal pressure and was experiencing contractions three minutes apart. Saleh anticipated a spontaneous vaginal delivery and noted that Scott was aware.

13.    Denise Ortiz then was directed to begin pushing. Shortly thereafter, the

infant plaintiff's fetal heart monitor tracings demonstrated fetal distress.

14. On June 29, 2008, at or about 11:12 a.m., the infant plaintiff was born with APGAR scores of 3 at 1 minute of life, 4 at 5 minutes of life, and 4 at 10 minutes of life, with an umbilical cord pH of 6.95 and a base deficit of 19.

15. Scott was present for the delivery.

16. Immediately after delivery, the infant plaintiff required resuscitation, including blow-by oxygen, positive pressure ventilation and intubation.

17. The infant plaintiff remained hospitalized at Crouse Hospital until July 23, 2008.

18. Upon information and belief, and at all times relevant to this complaint and specifically from June 27-29, 2008, Denise Ortiz was a patient of Scott, thereby creating a physician-patient relationship.

19. Upon information and belief, and at all times relevant to this complaint, Scott held himself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to Denise Ortiz that he was knowledgeable, qualified and competent to provide prenatal, antenatal and perinatal care to her and her fetus.

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

20. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 as if set forth in full here.

21. On or about June 27-29, 2008, the defendant negligently, carelessly and without regard for the plaintiffs' health and well-being, treated the plaintiffs in a manner which resulted in severe and permanent bodily injury to the infant plaintiff, including hypoxic ischemic encephalopathy, global developmental delay, seizure activity and cerebral palsy.

22. Upon information and belief, the severe and permanent bodily injuries suffered by the infant plaintiff were a direct and proximate result of the carelessness, negligence, and improper care and treatment of the defendant in that it: failed to possess the degree of skill, training and care as was possessed and exercised by the average qualified members of the medical profession within their specialty; failed to keep abreast of relevant literature and appropriate methods of practice; failed to have and/or follow rules, regulations, procedures, or protocols regarding the treatment of patients experiencing non-reassuring and/or ominous fetal heart monitor tracings during labor and delivery; failed to obtain a timely consultation of another physician regarding Denise Ortiz's condition, when it knew or should have known of the foreseeable consequences of its inability or failure to properly and skillfully provide Denise Ortiz with acceptable medical care during the course of her treatment; failed to properly and skillfully provide Denise Ortiz with acceptable medical care and treatment; failed to make a full and complete examination of Denise Ortiz prior to initiating treatment; failed to fully evaluate and adequately treat Denise Ortiz as she then and there presented; failed to adequately monitor the pregnancy/labor/delivery of Denise Ortiz; failed to reasonably and properly supervise medical residents; failed to have and/or follow rules, regulations, procedures, or protocols regarding the supervision of medical residents; failed to reasonably and properly utilize and/or order the utilization of a fetal heart monitor and/or scalp electrode; failed to timely evaluate, understand and appreciate fetal heart monitor strips and other signs and symptoms of fetal distress, as occurring on June 29, 2008; failed to appreciate the signs and symptoms of fetal distress that were occurring on June 29, 2008; failed to adequately evaluate and otherwise take notice of, appreciate, report, or act upon fetal heart monitor strips showing fetal distress with decelerations and no long term variability; failed to notice,

appreciate, report, or act upon fetal heart monitor strips which were non-reassuring and/or ominous on June 29, 2008; failed to act upon signs, symptoms, and other clinical indications as gave the clinical impression that the infant plaintiff was in or entering into a period of fetal distress; failed to effectuate and/or otherwise see that abdominal delivery was performed in a timely fashion so as to eliminate the risk of fetal distress, hypoxia and brain damage; negligently allowed a vaginal birth despite signs of fetal distress; failed to appreciate and respond to labor and delivery complications; failed to effectuate delivery at such earlier time or times as would have allowed for adequate fetal well-being and would have avoided and/or limited fetal brain damage; failed to timely instruct the nursing staff to ready a cesarean section room so that a cesarean section could be performed and abdominal delivery be effectuated in order to preserve fetal well-being; failed to appreciate and respond to a prolonged second stage; failed to use forceps and/or vacuum extraction to effectuate delivery at a time that would preserve fetal well-being; failed to timely assimilate the signs, symptoms, conditions and other activities that were present in and about the area of the labor room so as to ensure that a timely cesarean section or abdominal delivery could be performed; failed to adequately and timely perform such delivery at a time prior to the fetus becoming oxygen deprived; failed to assimilate, understand, acknowledge, or otherwise notice and report or act upon fetal heart monitor strips which showed a declining fetal reserve and fetal distress, particularly during the second stage of labor and delivery; failed to timely seek pediatric and/or neonatology assistance in the labor room; failed to ensure, given the nature of the fetal distress that was present on the fetal heart monitor strips, that appropriate agents, officers and/or employees of the hospital would be present so as to adequately care for the child at the time of delivery; failed to ensure that adequate ventilation and trained personnel were

5

present in the delivery room at the time of delivery so as to adequately care for the child upon delivery; failed to appreciate those signs and symptoms as would be indicative of fetal distress and fetal hypoxia thus causing an unreasonable delay in the delivery in this case; failed to follow acceptable standards of care and practice with regard to the labor and delivery of the fetus; failed to be in adequate contact with and have knowledge about the plaintiffs' condition during labor and delivery; failed to ensure the reasonable and proper transfer of information from/to physicians team-treating Denise Ortiz; failed to inform and to warn of the risks involved or associated with the condition of the plaintiffs; failed to inform and to warn about the treatment of the condition of the plaintiffs; failed to timely and properly recognize and respond to the fact that it negligently and improperly diagnosed and/or treated Denise Ortiz; failed to properly and adequately follow-up on Denise Ortiz's care so as to timely recognize and respond to damage caused by its improper diagnosis, treatment and/or clinical course; and was otherwise negligent and committed medical malpractice under the circumstances.

23.  Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the infant plaintiff has suffered severe and permanent bodily injury including hypoxic ischemic encephalopathy, global developmental delay, seizure activity and cerebral palsy, and has otherwise been rendered sick, sore, lame and disabled.

24.  Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the defendant, the plaintiffs, Denise Ortiz and L.C., will incur medical bills, cost of care bills, rehabilitation bills, and will incur both past, present and future bills dealing with the cost of care for L.C. now and forever into the future.

25.  Upon information and belief, as a direct and proximate result of the acts of

omission and/or commission of the defendant, the infant plaintiff has been deprived of the ability to live a useful life, has been seriously and catastrophically brain damaged, has and will have in the future significant ongoing neurological deficits that will preclude/limit her from walking, sitting up alone, reaching for and playing with objects, and otherwise will forever now and into the future cause her to be dependent upon others for all activities of daily living, and will incur and cause her to have pain, suffering, loss of enjoyment of life, mental anguish and distress, depression, lack of the ability to secure an education, and lost earnings.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

26. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 25 as if set forth in full here.

27. Upon information and belief, the defendant failed to obtain the informed consent of Denise Ortiz.

28. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the defendant, Denise Ortiz did not give her informed consent with respect to the course of care and treatment provided to her.

29. Upon information and belief, a reasonably prudent person in the position of Denise Ortiz would not have agreed to the treatment provided had she been fully informed, and that the lack of informed consent is a proximate cause of the infant plaintiff's injuries.

30. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the defendant, the plaintiffs, Denise Ortiz and L.C., will incur medical bills, cost of care bills, rehabilitation bills, and will incur both past, present and future bills dealing with the cost of care for L.C. now and forever into the future.

31. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the defendant, the infant plaintiff has been deprived of the ability to live a useful life, has been seriously and catastrophically brain damaged, has and will have in the future significant ongoing neurological deficits that will preclude/limit her from walking, sitting up alone, reaching for and playing with objects, and otherwise will forever now and into the future cause her to be dependent upon others for all activities of daily living, and will incur and cause her to have pain, suffering, loss of enjoyment of life, mental anguish and distress, depression, lack of the ability to secure an education, and lost earnings.

**WHEREFORE**, the plaintiffs hereby demand a trial of all issues so triable, together with judgment against the defendant, as follows:

(a) Awarding them compensatory damages in the amount of $25,000,000.00;

(b) Awarding them costs and disbursements of this action; and

(c) Awarding them such other and further relief as the Court deems just and proper.

Dated: June 29, 2011

**BOTTAR LEONE, PLLC**

Michael A. Bottar, Esq. (Roll: 512620)
*Attorney for Plaintiffs*
AXA Tower II – Suite 1600
120 Madison Street
Syracuse, NY 13202
Tel: (315) 422-3466
mbottar@bottarleone.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENISE ORTIZ, individually and as Mother and Natural Guardian of L.C., an infant,

        Plaintiffs,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees,

        Defendant.

**CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-A**

Case No.:

---

STATE OF NEW YORK    )
COUNTY OF ONONDAGA  ) SS.:

    I, MICHAEL A. BOTTAR, being duly sworn, depose and say:

    1.    I am an attorney duly licensed to practice law in the State of New York and am the attorney for the Plaintiffs in the above action.

    2.    I have reviewed the facts of the case and have consulted with at least one physician licensed to practice medicine, and who I reasonably believe is knowledgeable in the relevant issues involved in this action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

_____
Michael A. Bottar, Esq. (Roll: 512620)
*Attorney for Plaintiffs*
AXA Tower II – Suite 1600
120 Madison Street
Syracuse, NY 13202
Tel: (315) 422-3466
mbottar@bottarleone.com