IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DENISE ORTIZ, INDIVIDUALLY, AND | ) | |
| AS PARENT AND NATURAL GUARDIAN OF | ) | |
| L.C., AN INFANT | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL NO. 11CV-734-GLS/ATB |
| | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPROVING SETTLEMENT ON BEHALF OF A MINOR

Denise Ortiz, individually and as mother and natural guardian of L.C., an infant, having

moved the Court for an Order approving the settlement of this action, and the Court having

reviewed the affidavit of Denise Ortiz, with attachments, sworn to on the 30th day of April,

2015, and the affirmation of Michael A. Bottar, Esq., with attachments, dated May 4, 2015, each

in support of the proposed settlement, the Court, having reviewed the terms of this proposed

Order of approval, the terms of which are agreed upon by the parties, enters the following.

NOW, upon the affidavit of Denise Ortiz, with attachments, sworn to the 30th day of

April, 2015, and the affirmation of Michael A. Bottar, with attachments, dated May 4, 2015, and

after due deliberation, and it appearing that the proposed settlement is fair, reasonable and in the

best interests of L.C., it is hereby

ORDERED, that the application of Denise Ortiz to settle this action pursuant to the terms

and conditions of the Settlement Stipulations identified as Exhibits A and B to this Order, and

which are incorporated herein by reference, be, and the same hereby is, granted pursuant to the

terms and conditions of this Order.

The complete and precise terms and conditions of Plaintiffs' settlement with the United States are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "FTCA Stipulation") attached hereto as Exhibit "A." The complete and precise terms and conditions of Plaintiffs' settlement with the Co-Defendant Crouse Hospital are set forth in the Stipulation and Release (hereinafter "Crouse Stipulation") attached hereto as Exhibit "B." The Court has reviewed the Stipulations, the plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and the Court has heard plaintiffs' arguments in favor of the settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States on behalf of Defendant United States, and L.C.'s enrollment in the New York Medical Indemnification Fund, (hereinafter "Fund").

The Court is further informed that the Plaintiffs will be applying for the enrollment of L.C., the minor Plaintiff, in the New York Medical Indemnity Fund (hereinafter "Fund"). For purposes of Article 29-D of the New York Public Health Law, the Court further finds, and hereby deems, that Plaintiff L.C. sustained a "birth-related neurological injury" as a result of medical malpractice alleged in this action, thereby making her a "qualified plaintiff" who shall be enrolled in the Fund for payment of all future medical expenses.

In the event that the Fund does not accept L.C. as an applicant or the Attorney General does not approve the settlement, this Court shall retain jurisdiction over this case to conduct further proceedings.

The Court finds that the terms and conditions of this settlement, as set forth in the

Stipulations, are fair, reasonable, and in the best interests of L.C., the minor plaintiff. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulations, satisfy the requirements of Local Civil Rule 17.1.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibits A and B, is hereby approved. It is further Ordered that Denise Ortiz, as Mother and Natural Guardian of L.C., is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement, and to apply to the Fund for L.C.'s enrollment as provided below.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the cash sum of $1,500,000 to be paid by the United States shall be paid as provided by the terms and conditions of the FTCA Stipulation attached as Exhibit A, and Crouse Hospital's $100,000 cash contribution toward the settlement of this matter shall be paid pursuant to the terms and conditions of the Crouse Stipulation attached as Exhibit B. However, these amounts do not reflect the anticipated payments from the New York Medical Indemnity Fund if L.C.'s enrollment in the Fund is accepted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for the purpose of L.C.'s enrollment in the Fund, the $1,500,000.00 cash to be paid by the United States pursuant to the FTCA Stipulation attached as Exhibit A shall be for non-Fund damages (i.e., past medical expenses, past and future pain and suffering, and future lost earnings), and the $100,000 cash to be paid by Crouse Hospital pursuant to the Crouse Stipulation attached as Exhibit B shall also be for non-Fund damages (i.e., past medical expenses, past and future pain and suffering, and future lost earnings), and that the present value of the future medical expenses to be covered by the Fund shall be one million dollars ($1,000,000.00). Plaintiffs and their successors, heirs,

executors, administrators, and assigns shall provide the Court and the United States with a copy of Fund's written determination within ten (10) business days of the determination.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers arising from the subject matter of the action against the United States. The Court hereby Orders plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiffs, by and through their attorney, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs and their successors, heirs, executors, administrators, and assigns shall apply for L.C.'s enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. Plaintiffs and their successors, heirs, executors, administrators, and assigns shall continue to provide the Fund any documentation, information, and signatures necessary for L.C.'s continued enrollment in the Fund. Plaintiffs and their successors, heirs, executors, administrators, and assigns are further ordered to provide the United States with a copy of the Fund's determination of enrollment within ten (10) business days of the date of receipt of notice of the determination. The Court hereby Orders that upon L.C.'s enrollment in the Fund, all payments for her future medical expenses shall be paid in accordance with Title 4

of Article 29-D of the New York Public Health Law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs, upon receipt of this Order, shall provide to defendants (i) signed Stipulations attached as Exhibit A and Exhibit B to this order; and (ii) confirmation of L.C.'s enrollment in the Fund. Upon plaintiffs' successful provision of (i) this signed order, (ii) settlement stipulations marked as Exhibit A and B with authorized signatures for plaintiffs, and (iii) confirmation of L.C.'s enrollment in the Fund, and upon approval by the Attorney General on behalf of the United States, Defendants shall provide the cash settlement contributions set out above. Upon receipt of those cash settlement amounts, Plaintiffs shall cause their attorney to file with the Court a Stipulation of Dismissal executed by the parties pursuant to Fed. R. Civ. P. 41(a) to dismiss this action with prejudice, with each party to bear its own costs, expenses, and fees.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any amounts awarded by the Court for attorney's fees and costs are to be paid out of the defendants cash contributions described above, and not in addition there to, and that any fees paid from the cash settlement amount paid by the United States shall be subject to 28 U.S.C. § 2678; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the request of Bottar Leone, P.L.L.C., for reimbursement of costs and disbursements in the sum of $65,000.00 be and the same hereby is approved; and it is further

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the request of Bottar Leone, P.L.L.C., for an attorney's fee in the sum of $475,000.00 be and the same hereby is approved; pursuant to 28 U.S.C. Sec. 2678, no more than $375,000.00 of this sum is attributable to FTCA claim against the United States; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that $250,000.00 of the

net settlement proceeds shall be allocated and paid to Denise Ortiz as and for her claim for past and future extraordinary services and expenses; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Bottar Leone, P.L.L.C., may hold the sum of $106,288.30 in escrow to be used solely for Medicaid lien satisfaction, and that any savings realized by compromise of the amount due to Medicaid be transferred from the Bottar Leone, P.L.L.C. escrow account to the L.C. Supplemental Needs Trust, without further Order of the Court; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the sum of $703,711.70 is to be paid to L.C., for deposit into the L.C. Supplemental Needs Trust; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the L.C. Supplemental Needs Trust will have a corporate (i.e., bank) co-trustee, and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Bottar Leone, PLLC, is authorized to execute and to deliver a general release, stipulation of discontinuance and such other documents and papers as may be necessary to effectuate the settlement of this action.

SO ORDERED.

_____
HONORABLE GARY L. SHARPE
UNITED STATES DISTRICT JUDGE
Dated this 18th day of May, 2015,

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE ORTIZ, individually and as<br>Mother and Natural Guardian of L.C.,<br>an infant,<br>　　　　Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br>　　　　Defendant. | Civil No. 11-CV-734 (GLS/ ATB) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
## FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. SEC. 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person,

other than the defendant and the attorneys, signing this agreement, whether or not a party to this

civil action), and the United States of America, by and through their respective attorneys, as

follows:

　　　　1.　The parties to this Stipulation For Compromise Settlement And Release

(hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of

any kind, whether known or unknown, including claims for wrongful death, arising directly or

indirectly from the acts or omissions that gave rise to the above-captioned action under the

terms and conditions set forth in this Settlement Agreement.

　　　　2.　This Stipulation is not, is in no way intended to be, and should not be construed

as, an admission of liability or fault on the part of the United States, its agents, servants, or

employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is

entered into by all parties for the purpose of compromising disputed claims under the Federal

Tort Claims Act and avoiding the expenses and risks of further litigation.

1

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sum set forth below.

Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) a fully executed waiver and release by each State, including the State of New York, each private and public entity, and each private individual, of any and all past, present, and future claims or liens for reimbursement or payment any such State, private or public entity, or private individual may have from any benefits or payments made by them to or on behalf of Lexana Carter arising out of the subject matter of this action, if any; (4) a fully executed waiver and release by each State, including the State of New York, any private or public entity, or private individual, who has or may have now or in the future a claim or cause of action against the United States arising out of the subject matter of the above-captioned action, including any claim for contribution, indemnification, or subrogation, if any; (5) a court Order approving the settlement on behalf of Lexana Carter; (6) a final determination by the Fund that L.C. is covered by said Fund and that her future medical care costs will be paid by the Fund; and (7) authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request that the United States Department of Health and Human Services requesting a check made payable to Denise Ortiz, Individually and as Mother and Natural Guardian of Lexana Carter, a minor, in the sum of One Million Five Hundred Thousand Dollars ($1,500,000) and delivered to the Department of Justice's Torts Branch (FTCA Staff) to hold until Plaintiffs' attorney has filed a motion with the United States District Court for the Northern District of New York for an Order that (1) dismisses this action

2

in its entirety with prejudice, with each party to bear its own costs, expenses and fees, and (2) expressly states that the District Court is not retaining jurisdiction over this action or the settlement.

With respect to the payment of the $1.5 million cash, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the $1.5 million into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the $1.5 million in any way, form, or manner, placement into any qualified settlement fund or its equivalent. Nothing in this Paragraph, however, precludes the Plaintiffs from purchasing standard, non-qualifying annuities after the Plaintiffs have cashed the $1.5 million check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

Plaintiffs agree to endorse the $1.5 million check over to their attorney to be deposited in their attorney's client trust account to facilitate disbursement as authorized by the approving court.

The parties agree that any attorney's fees owed by the plaintiffs for the tort claim against the United States shall not exceed 25% of the total paid by the United States (28 U.S.C. § 2678), and must be paid out of the $1.5 million and not in addition thereto. The parties further agree that any such fees for legal services, along with Plaintiffs' costs

3

and expenses of this action against the United States and their costs, expenses, and fees (including Guardian Ad Litem fees) associated with obtaining court approval of this settlement on behalf of the minor Plaintiff, shall be paid out of the $1.5 million and not in addition thereto.

The Plaintiffs stipulate and agree that they are responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

4. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do

4

hereby accept the settlement, including the $1.5 million set forth above in paragraph 3 in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind or nature, whether known or unknown, including any future claims for survival or wrongful death and any claims for fees, interest, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of L.C., or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants and employees on account of subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. An agreement by the parties on the terms, conditions, and requirements of this Stipulation and the annuity contract. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation and the annuity contract. The terms, conditions and requirements of this Stipulation are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's

5

designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation have been completely agreed upon in writing.

b. Plaintiffs must obtain, at their expense, Court approval of the settlement on behalf of the minor Plaintiff. Such court approval must be obtained prior to the United States seeking the approval of the Attorney General or the Attorney General's designee. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation and the compromise settlement are null and void.

c. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States will seek the approval of the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph , or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, the Plaintiffs and their attorney are unaware of any such potential tortfeasor.

d. In the event there are any currently known liens or any known claims for payment

6

or reimbursement, including any liens or claims by Medicaid (including the State of New York) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiff. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim. Before the United States will seek the approval of the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.g., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, no such liens or claims are currently known to exist. The payment of the Settlement Amount is contingent upon there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the Settlement Amount in its entirety.

e. The District Court must dismiss the above-captioned action with prejudice, with each party bearing its own costs, expenses, and fees, and the dismissal Order must provide that the District Court is not retaining jurisdiction over the above-captioned action, the settlement, or the United States.

6. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this_____day of_____, 2015.


_____
Lawrence Eiser, Esquire
Attorney for the United States of America

Executed this_____day of_____, 2015.


_____
Michael Bottar, Esq.
Attorney for Plaintiffs



Executed this_____day of_____, 2015.


_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Lexana Carter, a minor



_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Noriana Carrasquillo, a minor



_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Juel C. Tejeba, a minor



Executed this___day of_____, 2015.


_____
Reynaldo Santiago
as Biological Father of Lexana Carter

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENISE ORTIZ, individually and as Mother and Natural
Guardian of L.C., an infant,

                                        Plaintiffs,

-against-

CROUSE HOSPITAL, by and through its officers, agents
and/or employees,

                                        Defendant.

**STIPULATION FOR
COMPROMISE**

Case No.:
5:11-cv-00734 (GLS/ATB)

---

It is hereby stipulated by and between the undersigned plaintiff(s) and Crouse

Hospital, by and through their respective attorneys, as follows:

1.     The parties to this Stipulation For Compromise (hereinafter "Stipulation")

do hereby agree to settle and compromise each and every claim of any kind, whether

known or unknown, including claims for wrongful death, arising directly or indirectly from

the acts or omissions that gave rise to the above-captioned action under the terms and

conditions set forth in this Settlement Agreement.

2.     This Stipulation is not, is in no way intended to be, and should not be

construed as, an admission of liability or fault on the part of Crouse Hospital, its agents,

servants, or employees, and it is specifically denied that they are liable to the plaintiffs.

This settlement is entered into by all parties for the purpose of compromising disputed

claims and avoiding the expenses and risks of further litigation.

3.     In consideration for the Plaintiffs' agreement to accept the terms and

conditions of this settlement, Crouse Hospital agrees to pay the cash sum set forth

below.

Within three business days after counsel for Crouse Hospital receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) a fully executed waiver and release by each State, including the State of New York, each private and public entity, and each private individual, of any and all past, present, and future claims or liens for reimbursement or payment any such State, private or public entity, or private individual may have from any benefits or payments made by them to or on behalf of L.C. arising out of the subject matter of this action, if any; (4) a fully executed waiver and release by each State, including the State of New York, any private or public entity, or private individual, who has or may have now or in the future a claim or cause of action against Crouse Hospital arising out of the subject matter of the above-captioned action, including any claim for contribution, indemnification, or subrogation, if any; (5) a court Order approving the settlement on behalf of L.C.; and (6) a final determination by the Fund that L.C. is covered by said Fund and that her future medical care costs will be paid by the Fund; counsel for Crouse Hospital will request a check from Crouse Hospital made payable to Denise Ortiz, Individually and as Mother and Natural Guardian of L.C., a minor, in the sum of One Hundred Thousand Dollars ($100,000) and delivered to counsel for Crouse Hospital to hold until Plaintiffs' attorney has filed a motion with the United States District Court for the Northern District of New York for an Order that (1) dismisses this action in its entirety with prejudice, with each party to bear its own costs, expenses and fees, and (2) expressly states that the District Court is not retaining jurisdiction over this action or the settlement.

4.    Plaintiffs agree to endorse the $100,000 million check over to their attorney to be deposited in their attorney's client trust account to facilitate disbursement as authorized by the approving court.

5.    The Plaintiffs stipulate and agree that they are responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to Crouse Hospital evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for Crouse Hospital that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

6.    Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby accept the settlement, including the $100,000 set forth above in paragraph 3 in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind or nature, whether known or unknown, including any future claims for survival or wrongful death and any claims for fees, interest, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of L.C., or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against Crouse Hospital, its agents, servants and employees on account of subject matter that gave rise to the above-captioned action.  Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless Crouse Hospital and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

7.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this_____day of_____, 2015.


_____
Catherine A. Gale, Esq.
Attorney for Crouse Hospital

Executed this____day of_____, 2015.

_____
Michael Bottar, Esq.
Attorney for Plaintiffs

Executed this____day of_____, 2015.

_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Lexana Carter, a minor

_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Noriana Carrasquillo, a minor

_____
Denise Ortiz, Individually and
as Mother and Natural Guardian of Juel C. Tejeba, a minor